FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAR 12 P 3: 1*
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALFRED LEE JACOBS,

    Petitioner,

v.                   CIVIL ACTION NO.: CV512-141

DOUG WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alfred Jacobs ("Jacobs"), who is currently incarcerated at Dodge State Prison in Chester, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Coffee County Superior Court. Respondent filed a Motion to Dismiss. Jacobs did not file a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Jacobs was convicted, after pleading guilty, in the Coffee County Superior Court on August 30, 2005, of one (1) count of child molestation. Jacobs was sentenced to a "split" 20 year sentence, fifteen (15) years to serve and the balance of his sentence to be probated. Judgment was entered on September 13, 2005. (Doc. No. 8-6, pp. 49-50). Jacobs did not file a direct appeal.

Jacobs filed a state habeas corpus petition on August 3, 2009. His petition was denied on February 15, 2012. (Doc. No. 8-3). Jacobs filed an application for certificate

of probable cause to appeal this denial with the Georgia Supreme Court. The Georgia Supreme Court denied Jacobs' application on November 5, 2012. (Doc. No. 8-5).

Jacobs executed this petition on December 1, 2012, and it was filed on December 6, 2012. Jacobs asserts that his guilty plea was not entered into voluntarily and intelligently. Jacobs also asserts that the trial judge erred by failing to follow the Uniform Superior Court Rules during the plea agreement process. Finally, Jacobs asserts that his trial counsel rendered ineffective assistance. Respondent contends Jacobs' petition should be dismissed as being untimely filed.

## **DISCUSSION AND CITATION TO AUTHORITY**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jacobs' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Jacobs' judgment was filed in the Coffee County Superior Court on September 13, 2005. Jacobs did not file a direct appeal. Thus, his conviction became final on or about October 13, 2005. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Because Jacobs' conviction became final on October 13, 2005, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

3

Jacobs' conviction became final on October 13, 2005, and he filed his state habeas corpus petition on August 3, 2009. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.

Having determined that statutory tolling is not available to Jacobs, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Jacobs has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. While Jacobs filed motions to obtain the transcripts from his trial court proceedings, he was told repeatedly that he was only entitled to a copy of his transcripts to perfect the record on direct appeal. These motions were filed after the time for direct review had expired. (Doc. No. 8-6, pp. 65, 71-74; Doc. No. 8-7, pp. 1-2). In addition, these motions were no substitute for a direct appeal. Jacobs did not file his state habeas corpus petition until

AO 72A
(Rev. 8/82)

nearly four (4) years after the expiration of the statute of limitations period. Jacobs fails to show that any circumstance—extraordinary or otherwise—prevented him from pursuing his claims earlier than he did.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Jacobs' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 12th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)