IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALFRED LEE JACOBS,

    Petitioner,

v.                                    CIVIL ACTION NO.: CV512-141

DOUG WILLIAMS, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Alfred Jacobs states that the trial judge told him he had four (4) years to file a habeas corpus petition. Jacobs contends that this information was a misrepresentation of fact, which constitutes an extraordinary circumstance which prevented him from filing a 28 U.S.C. § 2254 petition before he did. Jacobs also contends that he has been pursuing his rights diligently.

Even accepting Jacobs' contention as true, Jacobs has not shown that the trial judge's statement represents an extraordinary circumstance entitling him to equitable tolling of the statute of limitations period applicable to the filing of federal habeas corpus petitions. Clarkson v. Williams, No. CV411-125, 2011 WL 6328367, at *6 (S.D. Ga. Nov. 14, 2011) (noting that, if a judge affirmatively misleads a petitioner, that "may supply an extraordinary circumstance; but no relief is merited if [the judge] simply fail[ed] to educate a defendant about legal time limits, . . ., for exercising legal rights."),

*adopted by* 2011 WL 6328329 (S.D. Ga. Dec. 16, 2011).  While it is true that Jacobs had four (4) years after his conviction was final to file a <u>state</u> habeas corpus application, O.C.G.A. § 9-14-42(c), this has no bearing on the one year statute of limitations applicable to the filing of a <u>federal</u> habeas corpus petition.  In addition, Jacobs fails to show that he diligently pursued his rights between October 13, 2005 (the date his conviction became final), and August 3, 2009 (the date he filed his state habeas corpus application).  <u>Hutchinson v. Fla.</u>, 677 F.3d 1097, 1103 (11th Cir. 2012) (finding that petitioner failed to meet his burden of showing he pursued his rights diligently).  Rather, Jacobs makes the conclusory statement that he diligently pursued his rights.  In sum, Jacobs is not entitled to equitable tolling of the statute of limitations period, as he has not met both prongs of the equitable tolling standard.  <u>Lawrence v. Fla.</u>, 549 U.S. 327, 335 (2007); <u>Holland v. Fla.</u>, 539 F.3d 1334, 1338 (11th Cir. 2008).

Jacobs' Objections are **overruled**.  The Magistrate Judge's Report and Recommendation, as supplemented by this Order, is adopted as the opinion of the Court.  Respondent's Motion to Dismiss is **GRANTED**.  Jacobs' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, with prejudice, as it was not filed timely.

**SO ORDERED**, this 13 day of June, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA